[Civ. No. 6959. First Appellate District, Division Two.—September 7, 1929.]

SHIRLEY WALKER, President, etc., Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Appellant.

Horace W. B. Smith and P. R. Lund for Appellant.

Chauncey F. Tramutolo and Lemuel D. Sanderson for Respondent.

KOFORD, P. J.—This is an appeal from a judgment given against the defendant upon a statutory bond executed by it conditioned upon the faithful performance of the duties of C. H. Bossong as an auctioneer in the city and county of San Francisco. The bond is required of an auctioneer by the provisions of Political Code, chapter XIII, part 3, title 7, section 3285. Section 3324 of the same chapter provides: "Any one aggrieved or damaged by any act of an auctioneer in violation of or contrary to the provisions of this chapter, has an action against him and his bondsmen on his official bond therefor." Other sections of chapter XIII make it the duty of such an auctioneer to keep books, in which he must enter a record of all sales (Pol. Code, sec. 3306), to make quarterly reports to the county auditor of certain details of his business and sales (Pol. Code, sec. 3310), to give previous notice in public newspapers of every auction sale (Pol. Code, sec. 3307), and to hold all public auctions in the daytime (Pol. Code, sec. 3308).

Appellant's point on appeal is that the evidence at the trial was insufficient to show a violation by the auctioneer, Bossong, of any of the duties imposed upon him by the law above referred to and that therefore no liability of appellant upon the bond was proven.

The evidence relied upon by respondent to support the judgment is as follows: Mrs. Bauer purchased upon conditional sales installment contracts numerous musical instruments from numerous music stores in San Francisco.

Plaintiff is the assignee of these stores. Mrs. Bauer paid a small amount down upon each instrument but never completed payment upon any one of them, so that each remained the property of the music stores. She communicated with Mr. Bossong in response to his newspaper advertisement in which he offered to buy musical instruments. Bossong called at her residence about seventeen times, each time taking away with him one or more instruments, paying her cash in full for the same. Officers in charge of the licensing departments of the city testified that the only license issued to Bossong or which he possessed was that of an auctioneer. One of these officers testified that Bossong's business was auctioning goods. Sergeant Bohr of the police department testified: "He was a furniture man." "He handled second-hand furniture. He was an auctioneer and he had a place on the corner out there. He also handled new furniture and second-hand furniture." He also testified that Bossong never at any time showed the records of instruments recovered or disposed of, although Bohr asked him for such books and records. Sergeant Bohr repeated some declarations of Bossong made to him indicating that Bossong had sold or in some manner disposed of some of the instruments, but this testimony was stricken out upon motion as not responsive. Appellant also claims here, of course, that it was hearsay so far as the appellant is concerned. Bossong was not a witness at the trial. Sergeant Gaughran testified in part as follows:

"Mr. Tramutolo: Q. What conversation did you have with him with regard to the books, Mr. Gaughran?

"Mr. Lund: That is objected to—

"The Court: Now, we are not interested in the conversation as much as we are interested in the books themselves.

"Mr. Tramutolo: Q. Did he produce any books? A. He did not.

"Q. Did you demand to see any books that he may have had? A. I did.

"Q. And what did he say with respect to the request for the books, if anything? A. He asked me what I was particularly interested in, and I told him. He showed me the books, and he had no record whatever of ever purchasing an instrument from Mrs. Bauer. . . . "

At the conclusion of the respondent's evidence, appellant moved for a nonsuit. The motion was denied and appellant offered no evidence. The finding of the court was that Bossong sold said instruments at public auction and that each of the several assignors of respondent was damaged by the failure of Bossong to keep a record of the sale of the instruments.

Respondent argues that the evidence is sufficient to show a sale *at auction* by Bossong because he had no license for any other kind of business. Appellant argues that the evidence shows that Bossong was also in the furniture business and that if the instruments were sold by him in the capacity of a furniture dealer his surety upon his auctioneer's bond is not liable; and, further, that inasmuch as he had first purchased the goods from Mrs. Bauer, any sales made by him were sales as of his own goods, in which event it is contended he would not have been acting as an auctioneer and his failure to make entries of such sales would not be a violation of the statute or a breach of the condition of his bond.

The evidence in this case is not such as to call for a decision of whether an auctioneer is by statute required to keep a record of the sale of goods which he has first purchased from a purported owner. No evidence is indicated, and we have found none, which shows that Bossong made any sale of the instruments whatever, whether as auctioneer or otherwise. That the instruments were not to be found after having been traced to his possession may be said to have been fairly established. Whether he concealed, destroyed or sold them, however, is merely a matter of conjecture under the evidence remaining in the record. Bossong's auctioneer's license did not compel him to auction or sell all goods coming into his possession. Applying to him, with some misgivings, the presumption of fair and lawful conduct, would not result in the conclusion that he disposed of the goods by auction, since a licensed auctioneer, outside of his business as auctioneer, enjoys the same freedom of contract as other individuals.

We conclude that the evidence received was insufficient to support the judgment. The judgment is reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 7, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 4, 1929.

Seawell, J., Richards, J., and Preston, J., dissented.